## Case No. 7,487.

### JONES. v. OSGOOD et al.

[6 Blatchf. 435; 3 Fish. Pat. Cas. 591.] [1]

Circuit Court, S. D. New York. June 4, 1869.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 6 Blatchf. 435, and the statement is from 3 Fish. Pat. Cas. 591.]

C. A. Seward, C. M. Keller, E. W. Stoughton, and Geo. Gifford. for complainants.

A. J. Todd, T. C. T. Buckley, E. Pierrepont, and B. R. Curtis, for defendants.

BLATCHFORD. District Judge. Various interesting questions were discussed on this motion, but, in the view I take of the case, it is unnecessary to refer to many of them, as there is one ground that is fatal to the motion. The specification of the patent is, I think, so broad as to include what is found in the prior patent, granted in England, November 16th, 1847, No. 11.964, and the specification of which was sealed and enrolled May 16th, 1848, to William Edward Newton, for "improvements in the mode or modes of manufacturing or preparing certain matters to be employed as pigments." The question of the extension of the Jones patent was vigorously contested before the patent office, but the existence of the Newton patent does not seem to have been adverted to. There never has been any trial, at law or in equity, on the Jones patent. in which the full bear-ing of what is found in the Newton patent on the invention of Jones has been thoroughly examined. The question, as between those patents, is now presented to me in the unsatisfactory form of ex parte affidavits, on both sides, without the benefit of a sifting of the testimony by cross-examination. From the most careful examination which I have been able to give to those affidavits, in connection with the specification of the Jones patent, I cannot resist the conclusion, that that specification, as now drawn, covers, in its claim, things which are found in the Newton patent. The specification is, also, open to the kindred objection, that it does not properly distinguish, within the meaning of the 6th section of the act of July 4, 1836 (5 Stat. 119), what was invented by Jones from what is found in the Newton patent. I by no means intend to say that there is not, in what Jones really invented. something which may lawfully be patented, by a properly drawn specification, even in view of what is found in the Newton patent.

Independently of the foregoing views, I should hesitate long before granting a provisional injunction in this case. It is shown that whatever infringement has been or is being committed by any of the three defendants on the plaintiff's patent. has arisen solely out of their connection with a New Jersey corporation, called the Bartlett Zinc Company, of which the defendant Osgood is president and a director, and of which the defendants Bartlett and Reid are not directors, although Bartlett has heretofore, and, perhaps, since the commencement of this suit, been a director of it, and Reid was a director of it prior to the commencement of this suit, and is now secretary of it. The defendant Osgood is shown to be the only one of the defendants who is now connected with, or interested in, the management of the corporation. No infringement has been committed out of the state of New Jersey, where the manufactory of the corporation is situated. The patent is for the use of a certain apparatus in the collection of the products of the distillation or oxygenation of zinc and other volatile metals. It does not cover the use or sale of such products, when collected. Osgood's only concern with the infringement is as a director of the corporation, and he is only one of several directors. It does not appear that he can control the use, or direct the disuse, of the apparatus by the corporation. The intendment would be to the contrary, as he is but one of several directors. It cannot fairly be said that the apparatus used by the corporation, in New Jersey, is used under the direction, management, and superintendence of Osgood, within the meaning of the case of Goodyear v. Phelps [Case No. 5,581]. It ought to appear that Osgood has power alone to direct the use or the disuse of the apparatus, or, at least. a majority of the directors ought to be parties to the suit. And even then, it would

be questionable whether the suit ought not to be brought in New Jersey, where the corporation is located, and carries on its business. Goodyear v. Chaffee [Id. 5,564]. The motion for an injunction is denied.